# UNITED STATES DISTRICT COURT

for the

SOUTHERN District of GEORGIA

SOUTHEAST Division

Case No. CV319-011
*(to be filled in by the Clerk's Office)*

CHINA LONON
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

CINDY L. SMITH; PHIL HALL; NATHAN BROOKS; CATHY LEWIS; AND DOCTOR CHENEY
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

U. S. DISTRICT COURT
Southern District of GA
Filed In Office
1/15 M
20 19
[signature]
Deputy Clerk

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: CHINA LONON
All other names by which you have been known:
ID Number: 1001999860
Current Institution: TELFAIR STATE PRISON
Address: P.O. BOX 549
HELENA (City) GEORGIA (State) 31037 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: CINDY L. SMITH
Job or Title *(if known)*: REPRESENTATIVE SOUTHERN REGION OFFICE OF PROFESSIONAL STANDARDS
Shield Number:
Employer: GEORGIA DEPARTMENT OF CORRECTIONS
Address:
City State Zip Code

[X] Individual capacity [X] Official capacity

Defendant No. 2

Name: PHIL HALL
Job or Title *(if known)*: FORMER WARDEN OF TELFAIR STATE PRISON (RETIRED)
Shield Number:
Employer: GEORGIA DEPARTMENT OF CORRECTIONS
Address:
City State Zip Code

[X] Individual capacity [X] Official capacity

Defendant No. 3

Name: NATHAN BROOKS
Job or Title *(if known)*: WARDEN OF TELFAIR STATE PRISON
Shield Number:
Employer: GEORGIA DEPARTMENT OF CORRECTIONS
Address:

City | State | Zip Code

[X] Individual capacity [X] Official capacity

Defendant No. 4

Name: CATHY LEWIS
Job or Title *(if known)*: WARDEN [DEPUTY] OF CARE AND TREATMENT AT TELFAIR STATE PRISON
Shield Number:
Employer: GEORGIA DEPARTMENT OF CORRECTIONS
Address:

City | State | Zip Code

[X] Individual capacity [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

SEE ATTACHED PRELIMINARY STATEMENT

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED COMPLAINT

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED COMPLAINT

C. What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED COMPLAINT

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED COMPLAINT

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED COMPLAINT

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED COMPLAINT

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

TELFAIR STATE PRISON

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [x] Yes
- [ ] No
- [ ] Do not know

If yes, which claim(s)?

SEE ATTACHED COMPLAINT

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

TELFAIR STATE PRISON

2. What did you claim in your grievance?

SEE ATTACHED COMPLAINT

3. What was the result, if any?

GRIEVANCE DENIED

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

FILED GRIEVANCE APPEAL

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

~~N/A~~ APPEALED

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII. Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [ ] Yes
- [x] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   - [ ] Yes
   - [ ] No

   If no, give the approximate date of disposition. N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

PORTIA BROWN SIMMONS NOTARY PUBLIC DODGE COUNTY GEORGIA EXPIRES FEB 15, 2020

Portia Simmons 1-8-19

Date of signing: 1/7/19

Signature of Plaintiff: China Lonon

Printed Name of Plaintiff: CHINA LONON

Prison Identification #: 1001999860

Prison Address: TELFAIR STATE PRISON P.O. BOX 549

HELENA (City) GA (State) 31037 (Zip Code)

### B. For Attorneys

Date of signing: ______

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City State Zip Code

Telephone Number

E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

CHINA LONON
PLAINTIFF

V. CIVIL ACTION NO.:

CINDY L. SMITH, SOUTHEAST REGION OFFICE OF PROFESSIONAL STANDARDS; PHIL HALL, FORMER WARDEN OF TELFAIR STATE PRISON; NATHAN BROOKS, WARDEN OF TELFAIR STATE PRISON; CATHY LEWIS, DEPUTY WARDEN OF CARE AND TREATMENT AT TELFAIR STATE PRISON; AND DOCTOR CHENEY, HEALTH CARE PROVIDER AT TELFAIR STATE PRISON
DEFENDANTS

## COMPLAINT SEEKING DAMAGES AND DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

1. This is a civil rights action filed by China Lonon, a state Prisoner, for damages and declaratory Judgment under 42 U.S.C. § 1983, alleging deliberate indifference to health and safety, unsafe and hazardous Conditions, Callous disregard at exercising the duty of care to Providing reasonably safe bunk beds accomodations in violation of the Eighth Amendment to the United States Constitution and denial of Providing adequate and appropriate Post surgical care in violation of the Eighth Amendment to the United States Constitution.

2. The structural framework of the newly mis-installed bunk beds are considerably smaller and compact in size Providing very little space for movement. the bunks are inadequately equipped and without accessible

means for accessing up and down the top bunk. This resulted in Plaintiff being forced with the choice of either stepping on his roommate mat to prop himself up. which is viewed in the prison context as a disrespect that can potentially foster an atmosphere for hostility or take the unreasonable risk of suffering a serious injury that's associated with leaping up and down the top bunk without adequate support.

3. In the absence of a Guard rail, Plaintiff is exposed to a Grave danger while asleep by merely turning over in a normal manner, yet, being incompatible to the limited space the mis-installed bunks provide, a reasonable risk exist of Plaintiff falling from off the top bunk onto the concrete floor unknowingly can cause Grave damage upon impact.

4. The newly mis-installed bunks are without any safety measures such as safety rails, safety steps/ladder that provides safe access for prisoners assigned to top bunks. To leave off a constituent component from a structure's design create a foreseeable risk of harm that can be injurious.

5. Due to No safety measures being provided with the new bunk beds design, Plaintiff fell from off the top bunk breaking his right rotary cuff.

6. The severity of Plaintiff's injuries required for him to have surgery that resulted in a temporary lost in the use of his right arm. Plaintiff was also issued a bottom bunk safety profile that was completely ignored by the defendants.

7. In spite of Plaintiff's post-surgery handicap and bottom bunk safety profile, he was still reassigned to a top bunk.

8. Defendants have violated and continue to violate the Eighth Amendment to the United States Constitution. The Plaintiff seek declaratory relief and monetary damages for the harm he suffered unnecessarily.

## JURISDICTION

9. This action is brought Pursuant to title 42 U.S.C. § 1983, Subject matter Jurisdiction is Conferred by title 28 U.S.C. § 1331 and 1343(a)(3).

## PARTIES

10. The Plaintiff, China Lonon, was incarcerated at Telfair State Prison during the events described in this complaint.

11. Defendant Cindy L. Smith, is the representative for the Southern region office of Professional Standards. Defendant Smith is responsible for reviewing and responding to Grievance appeals. She is sued in her individual and official capacities.

12. Defendant Phil Hall, ~~was~~ is the former Warden of Telfair State Prison and had supervisory authority and was responsible for reviewing all Grievances filed by Telfair State Prison inmates. He is sued in his individual and official capacities.

13. Defendant Nathan Brooks, is the warden of Telfair State Prison and has supervisory authority and is responsible for reviewing all Grievances filed by Telfair State Prison inmates. He is sued in his individual and official capacities.

14. Defendant Cathy Lewis is the Deputy Warden for care and treatment at Telfair State Prison and is in charge of the supervision of the overall conditions as it relate to the welfare of the inmates at Telfair State Prison. She is sued in her individual and official capacities.

15. Defendant Cheney is the Doctor at Telfair State Prison and is generally responsible for providing adequate treatment and care that meets the medical needs of inmates. He is sued in his individual and official capacities.

16. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## FACTS

17. The structural framework of the newly furnished bunk beds are considerably smaller and compact in size providing very little space for body movement while lying down.

18. This new design of the mis-installed bunk ~~beds~~ beds presented safety issues that was remote from the old bunk beds design. With the new bunk beds being apparantly smaller and compact, the bedmats are much wider than the bunk and so it overlaps and hangs off the side of the bunk.

19. The newly designed mis-installed bunk beds are inadequately equip of safety measures such as safety steps or ladder for use in climbing up and down the top bunk which is approximately 5 feet up from the floor, and it does not provide a guard rail.

20. Plaintiff is 5'9 in height, 183 Pounds in weight and of medium build. Plaintiff is actively involved in all sports activities and have a daily routine of exercising.

21. On January 31, 2018, Plaintiff was asleep after completing his daily exercise when he fell from the top bunk hitting the concrete floor with such force that sent a paralyzing affect throughout his body.

22. Plaintiff was awoken ~~to~~ by the agonizing pain that was caused by the force from the fall which left him in a state of panic fear. he didn't have any feeling in his right hand and arm, and his right shoulder felt as if it was completely detached from its socket.

23. Nearby inmates hearing Plaintiff's agonizing scream summoned the dorm officer whom contacted medical after observing how critical of a condition Plaintiff appeared to be in on the floor.

24. Plaintiff was escorted to medical where he was examined and determined to be in such critical condition requiring for him to be sent to a ~~hos~~ outside hospital for treatment.

25. Plaintiff was then taken by van to to a hospital in Dodge county, where he was examined, found to be suffering from a labral tear of the rotator cuff.

26. The most common symptom associated with a labral tear of the rotator cuff is a feeling that there is nothing keeping the shoulder in place. The shoulder will feel as if it could just fall out of the socket at any moment, literally hanging by threads. Frank weakness of the shoulder and arm often stems

from problems of the labrum. While the labrum itself does not contract like a muscle would, a tear of the labrum prevents the other muscles of the shoulder from working properly. Repetitive motion often compounds labral tears. Given the frequency at which we use our shoulders, small tears tend to progress towards large tears. Large tears left untreated may cause catastrophic loss of arm function and ultimately result in a salvage-type surgery. Many of the nerves that pass through the underarm are sensitive to compression. In cases of labral damage, the ball of the shoulder may slip downward, landing on top of that group of nerves. If this occurs, patients should consider it a surgical emergency as prolonged compression may cause irreversible damage to the nerves that controls the muscles of the hand and arm.

27. Plaintiff's right arm and shoulder were placed in a slang to immobilize it to prevent further damage, placed on Percocet pain pills, and a follow up visit.

28. Plaintiff was assigned a bottom bunk safety profile as a result of his temporary handicap, but was still reassigned to a top bunk notwithstanding.

29. Plaintiff's inability to get up on the top bunk due to his temporary handicap resulted in him sleeping on the floor.

30. During morning inspection, Plaintiff approached defendant former Warden Hall showing his bottom bunk safety profile but are still assigned to a top bunk.

31. Defendant Hall inspected Plaintiff's bottom bunk safety profile and told Plaintiff that he'll look into it. Plaintiff continued sleeping on the floor since his top bunk assignment remained unchanged.

32. Defendant Hall did not take any substantial steps to correct the unduly harm Plaintiff is being subjected to although he had the supervisory authority to fix the Problem by simply authorizing for the Plaintiff to be moved immediately to a bottom bunk.

33. Plaintiff subsequently filed a Grievance.

34. Plaintiff then addressed defendant ~~Hall~~ during morning inspection addressing the same as ~~the~~ stated in Paragraph 32.

35. Defendant Lewis wrote Plaintiff's name down and stated that she'll move him to a bottom bunk.

36. Plaintiff's assignment to a top bunk remained unchanged resulting in him remaining on the floor to sleep.

37. On March 21, 2018, Plaintiff filed a Grievance concerning him being relocated to a safer housing unit due to his inability to defend himself because of his temporary handicap.

38. Plaintiff continued complaining about the extreme pain he was still experiencing, and was subsequently sent to a specialist in Reidsville, where he underwent surgery, had his shoulder wrapped in a bandage for 7 days, Prescribed Percocet Pain Pills along with a shot as an additional counter-measure against the extent of Pain that's associated with the nature of Plaintiff's surgery.

39. Inspite of the post surgery treatment issued by the specialist aforementioned in Paragraph 38, defendant Cheney disregarded the specialist post surgery treatment and substituted

with Ibuprofen which did absolutely nothing to remedy the intense Pain. As a result of defendant Cheney's inadequate substitution of Ibuprofen running afoul of the specialist Prescribed Post surgery treatment, Plaintiff was left to suffer through the agony of Pain that cost him many sleepless nights.

40. Plaintiff continued with his complaints of still being assigned to a top bunk even after bringing it to the attention of the Proper supervisory officials, demonstrated the defendants act of deliberate indifference to Plaintiff's serious medical needs.

41. Defendant Lewis subsequently moved Plaintiff to A-2 dormitory (PREA dorm) as a result from the Grievance filed by Plaintiff aforementioned in Paragraph 37. Plaintiff remained assigned to ~~the~~ a top bunk nonetheless. hence, he continued to sleep on the floor.

42. Plaintiff approached defendant Brooks during morning inspection showing him his bottom bunk safety Profile with his arm in a sling immobile, illustrating his Post surgery condition. Yet, he was still assigned to a top bunk notwithstanding.

43. Defendant Brooks stated that the bunks should have a safety ladder for climbing up and down the top bunk like the bunks have at other institutions. Nevertheless, defendant Brooks did not take any substantial steps to alleviate the foreseeable dangers and safety risks that can result from a lack of safety measures, as well as failing to take corrective measures ~~to~~ to rectify the blatant disregard of Plaintiff's safety against the substantial risk of danger, by keeping him assigned to a top bunk notwithstanding his Post surgery handicap and his bottom bunk safety Profile.

44. During a follow up visit to the specialist in Reidsville, Plaintiff informed the specialist about defendant Cheney's disregard of the post surgical treatment he prescribed by substituting in its place Ibuprofen, which does nothing against the intensity of the pain.

45. The specialist then contacted defendant Cheney by phone inquiring about his reason(s) for not following through with the post surgery treatment he prescribed.

46. Defendant Cheney stated, that they do not provide the meds he prescribed to inmates. The specialist then requested that a stronger pain medicine to be given as opposed to Ibuprofen, which is an inadequate remedy for the extent of the pain associated with the nature of Plaintiff's surgery.

47. Plaintiff remained on Ibuprofen which has left him to suffer through immeasurable pain; he remain assigned to a top bunk despite the defendants awareness of his post surgery handicap that has rendered his right arm and shoulder immobile; and his bottom bunk safety profile continues to be blatantly disregarded by the defendants.

48. On June 13, 2018, defendant Smith issued a response to Plaintiff's Grievance aforementioned in paragraph 33 stating in relevant part, "This review revealed that, top bunks are accessible and do not require additional rungs to serve as a ladder."

~~Def~~

49. Defendant Smith response was the result of a cursory review that lacked an adequate investigation into the cause that's responsible for Plaintiff's unnecessary pain and suffering from a labral tear of his right rotary cuff that required immediate surgery and the temporary lost of using his right hand, arm, and shoulder.

50. Plaintiff's Post-surgery handicap have caused considerable changes in his daily routine and activities by severely limiting his ability to carry-out normal functions without the assistance of others; The extreme difficulty and frustration of having to shower with the use of his uncoordinated hand; From being completely restricted from all sports activities; and from being severely restricted in his daily exercises.

51. The actions of the defendants stated herein demonstrated a blatant disregard, and, deliberate indifference to Plaintiff's serious medical needs and safety against a substantial risk of danger and ~~irreparable~~ irreparable harm. Accordingly, Plaintiff suffered a serious injury that required for him to have immediate surgery which resulted in the temporary lost of use of his right hand and shoulder.

52. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

## CLAIMS FOR RELIEF

53. The actions of the defendants in not taking corrective actions to prevent the exposure of Plaintiff and other Prisoners assigned to top bunks from the dangers of an unjustified risk of serious harm and injury that can result from a lack of safety measures after adequate notice of awareness to the dangers that was made known through multiple complaints, Grievances, and medical incident reports demonstrate ~~indifference and a~~ deliberate indifference to the health and safety of Plaintiff and other Prisoners in violation of the

Eighth Amendment of the United States Constitution.

54. The actions of defendants Hall, Lewis, and Brooks failure to exercise supervisory authority after their awareness of the severity of Plaintiff's injury and the resulting cause; Plaintiff's post surgery handicap that rendered the temporary lost and use of his right hand and shoulder, and his bottom bunk safety profile, yet, didn't take any substantial steps or corrective actions to remedy the blatant violations against Plaintiff's serious medical needs and medical profile accomodations, constituted deliberate indifference to the health and safety of the Plaintiff in violation of the Eighth Amendment of the United States Constitution.

55. The failure of defendant Cheney to follow the specialist post surgery prescribed treatment for the extent of the pain that's associated with the nature of Plaintiff's surgery, demonstrated a lack in exercising reasonable care through the adoption of IBUProfen as a sufficient substitute to accommodate Plaintiff's serious medical needs; was a decision based on saving money as opposed to adequate treatment that's consistent with the severity of the condition being treated. The inadequancy of treating Plaintiff's post surgery condition, with IBuProfen amounted to No treatment at all. Thus, Plaintiff was subjected to suffer the agonizing pain as a result of defendant Cheney's deliberate indifference towards Plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

56. The failure of defendant Smith conducting an adequate investigation into the structural framework of the newly mis-installed bunk beds not providing any accessible means or support for the top bunks, endorsed the lack of safety measures by her denial of Plaintiff's Grievance appeal on the basis of a cursory review. Defendant Smith's endorsement of the mis-installed bunks signified a stamp of approval for the defendants to continue the service of maintaining the safety risks of serious injuries and the foreseeable risk that's evidenced through Plaintiff's injuries and his temporary handicap. Defendant Smith's approval of the defendants actions have served to continue the practise subjecting Plaintiff and other prisoners health, safety, and welfare to a substantial risk of harm in violation of the Eighth Amendment of the United States Constitution.

## RELIEF REQUESTED

Wherefore, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendants Hall, Lewis, and Brooks failure to exercise supervisory authority to correct the violation of Plaintiff's bottom bunk safety profile after learning that Plaintiff was still being signed to a top bunk notwithstanding his post surgery handicap condition violated the Plaintiff's rights under the Eighth Amendment of

the United States Constitution.

2. Defendant Cheney actions in failing to provide adequate medical care for the Plaintiff serious medical needs violated, and continue to violate, the Plaintiff's rights under the Eighth Amendment of the United States Constitution.

3. Defendant Smith's actions in sustaining defendant Hall's response to Plaintiff's Grievance without adequately investigating the structural framework of the mis-installed bunk beds that don't provide adequate safety measures which contributed to and was the proximate cause of Plaintiff's serious injury and unreasonable pain and suffering violated Plaintiff's rights under the Eighth Amendment of the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $10,000 severally against defendant Hall, Lewis, and Brooks for their failure to correct the continuous violation of Plaintiff's bottom bunk safety profile and for their failure to take corrective actions to eliminate the known risk of serious injuries suffered by Plaintiff and for creating the conditions and circumstances that forced Plaintiff to sleeping on the floor

2. $50,000 against defendant Cheney for the physical and emotional injuries that resulted from his deliberate act in Not

Providing adequate and quality medical care and efficient treatment consistent with his serious medical needs that left him temporarily handicap, and to suffer through the agonizing pain associated with the nature of his surgery without adequate relief.

3. $10,000 against defendant Smith for endorsing the mis-installed bunk beds as providing sufficient and safe access for top bunks which has only served to continue the practise of placing Plaintiff and other prisoners at a unreasonable risk of harm and serious injury.

C. Award Punitive damages in the following amounts:

1. $20,000 each against defendants Hall, Lewis, and Brooks.

2. $20,000 against defendant Cheney

3. $20,000 against defendant Smith

D. Grant such other relief as it may deem that Plaintiff is entitled.

Respectfully Submitted,

/s/ China Lonon

CHINA LONON PRO SE

1/7/19

DATE

Portia Simmons
1/8/19

PORTIA BROWN SIMMONS NOTARY PUBLIC GEORGIA DODGE COUNTY EXPIRES FEB 15, 2020